MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRLAW.com
Lewis Roca Rothgerber LLP
4300 Bohannon Drive
Menlo Park, CA 94025
(650) 391-1380 (Tel.)
(702) 391-1395 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
RH US, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, and RH US, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>STANISLAUS FUNDING, INC. d/b/a PATIO WORLD, a California corporation,<br><br>Defendant. | Civil Case No.: 3:15-cv-00892<br><br>**COMPLAINT** |

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (together, "RH") allege the following:

## NATURE OF THIS ACTION

1. This is an action for patent infringement arising out of Defendant Stanislaus Funding, Inc.'s ("Defendant's") infringement of RH's patented furniture designs.

## PARTIES

2. Plaintiff Restoration Hardware, Inc. is a Delaware corporation whose principal place of business is located at 15 Koch Road, Corte Madera, California,

1

1  94925. Prior to January 30, 2015, Restoration Hardware, Inc. was the owner of
2  United States Design Patents D663,967 (the "D'967 Patent") and D663,966 (the
3  "D'966 Patent) (together, the "RH Patents"). True and accurate copies of the RH
4  Patents are attached hereto as Exhibit A. On January 30, 2015, Restoration
5  Hardware, Inc. assigned all right, title, and interest in and to the RH Patents to
6  Plaintiff RH US, LLC, which granted a license back to Restoration Hardware, Inc..

7  3. Plaintiff RH US, LLC is a Delaware limited liability company whose
8  principal place of business is located at 15 Koch Road, Corte Madera, California,
9  94925.

10  4. Defendant Stanislaus Funding, Inc. (defined above as "Defendant") is a
11  California corporation with its principal place of business at 20525 Nordhoff Street,
12  #210, Chatsworth, California, 91311. Defendant conducts business under the
13  fictitious firm name "Patio World."

## JURISDICTION AND VENUE

15  5. This Court has subject matter jurisdiction over this action pursuant to
16  28 U.S.C. §§ 1331 and 1338 because this action involves claims for patent
17  infringement in violation of 35 U.S.C. § 1, *et seq*.

18  6. This Court has personal jurisdiction over Defendant because Defendant
19  purposefully, willfully, and/or intentionally infringed upon RH's design patents by
20  using RH's patented designs with the knowledge that RH is located in California and
21  that RH would likely suffer injury or harm resulting from the infringement in
22  California. Indeed, Defendant continued its infringing conduct despite notice from
23  RH. Upon information and belief, Defendant conducts business in California and
24  has purposefully directed its tortious conduct and activities at California, and RH's
25  claims arise out of such conduct and activities. Upon information and belief,
26  Defendant has sold or distributed the infringing products in this judicial district.
27  Accordingly, the exercise of personal jurisdiction over Defendant is reasonable.
28  ///

5511621_1

1  7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2)
2 because jurisdiction is not founded solely on diversity of citizenship and a
3 substantial part of the property that is the subject of this action—namely, RH's
4 patented designs—is situated in this judicial district. In addition, Defendant
5 conducts business in this judicial district. Venue is proper in the Northern District of
6 this court, San Francisco division.

7 **INTRADISTRICT ASSIGNMENT**

8  8. Pursuant to Civil Rule 3-2(c), this is an Intellectual Property Action
9 assignable on a district-wide basis.

10 **GENERAL ALLEGATIONS**

11  9. RH is an innovative and popular luxury brand in the home furnishings
12 marketplace. RH designs, manufactures, and sells a wide variety of home
13 furnishings, including furniture, lighting, bed, bath, hardware, and other products.

14  10. RH also possesses substantial patent rights, including the following two
15 design patents, each registered with the United States Patent and Trademark Office:
16 US D663,966 (the "D'966 Patent") and US D663,967 (the "D'967 Patent").

17  11. The RH Patents are valid and subsisting.

18  12. The D'967 Patent claims, without limitation, as follows:

19 The ornamental design for a **sofa**, as shown and described.




FIG. 1

28 (continued on next page)

3



Relevant Descriptions: FIG. 1 is a perspective view of a first embodiment of a sofa showing my new design; FIG. 2 is a front elevational view thereof; FIG. 3 is a rear elevational view thereof; and FIG. 6 is a right side elevational view thereof (the left side elevational view being the same thereof).

13. D'966 Patent claims, without limitation, as follows:

The ornamental design for a **lounge**, as shown and described.



**FIG. 1**



4

5511621_1

1  Relevant Description: FIG. 1 is a perspective view of a lounge showing my new
2  design.

3      14. Together, the D'967 Patent and the D'966 Patent are referred to herein
4  as the "RH Patents."

5      15. RH sells furniture products embodying the designs set forth in the RH
6  Patents as part of its "Provence" collection.

7      16. Upon information and belief, Defendant owns and operates a web-
8  based furniture manufacturing business based in Chatsworth, California, that sells
9  goods to retailers and customers across the United States.

10     17. In or about January, 2015, RH learned that Defendant was furniture,
11 specifically, sofas, chairs, and sectional pieces (the "Infringing Products") that are
12 nearly identical to the design of RH's sofa and lounge chair, set forth in the RH
13 Patents.

14     18. For instance, a side-by-side comparison of RH's sofa and lounge chair
15 and Defendant's furniture shows that Defendant's designs are substantially the same
16 as RH's:

| RH's Patented Designs | Defendant's Infringing Products |
|---|---|
| Provence Sofa | |

5511621_1





Provence Lounge Chair

19. The design of the Infringing Products and the design of RH's Provence sofa and lounge are so similar that it is highly unlikely that Defendant adopted the design of the Infringing Products without prior knowledge of the Provence designs set forth in the RH Patents.

20. Upon information and belief and despite RH's demands, Defendant has continued to manufacture, use, offer to sell, sell, and/or import into the United States, furniture products that infringe upon the designs set forth in the RH Patents, including sales to consumers and to numerous retailers.

**COUNT I**
(Patent Infringement
under 35 U.S.C. § 1, *et seq.*)

21. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

22. RH owns the D'967 Patent.

23. Defendant infringed the D'967 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'967 Patent.

24. RH did not authorize Defendant's conduct.

25. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case

LEWIS ROCA ROTHGERBER
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996

26. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

## COUNT II
(Patent Infringement under 35 U.S.C. § 1, *et seq.*)

27. RH owns the D'966 Patent.

28. Defendant infringed the D'966 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'966 Patent.

29. RH did not authorize Defendant's conduct.

30. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case.

## PRAYER FOR RELIEF

WHEREFORE, RH requests that the Court enter:

A. A preliminary and permanent injunction prohibiting Defendant and its officers, agents, servants, and those persons in active concert or participation with them from directly or indirectly infringing RH's rights in the RH Patents, including, without limitation, Defendant's manufacturers, suppliers, and retailers;

B. Judgment in favor of RH and against Defendant for damages adequate to compensate RH for Defendant's infringment of the RH Patents, wich shall be trebled as a result of Defendant's willful patent infringement, pursuant to 35 U.S.C. § 284, or an award of Defendant's profits from its infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudement interest and costs;

///
///
///
///
///

7

C. Judgment in favor of RH and against Defendant for RH's costs and attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

D. Judgment in favor of RH and against Defendant for such other relief as the Court deems just, equitable, and proper.

Respectfully submitted,

Dated: February 26, 2015  By:  /s/ Michael J. McCue
MICHAEL J. MCCUE
AARON D. JOHNSON
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
RH US, LLC.

5511621_1